IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FRED OLIVER, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION FILE |
| | ) NO.:1:06CV0483-CC |
| COLUMBIA SUSSEX CORPORATION, d/b/a SAVANNAH MARRIOTT RIVERFRONT, | ) |
| Defendant. | ) |

### AFFIDAVIT OF SHALENA COOK, ESQ.

Now before me, the undersigned officer duly sworn and authorized to administer oaths, appeared the deponent SHALENA COOK, ESQ., who after being sworn and placed under oath, testified as follows:

1.

My name is Shalena Cook. I am over the age of majority, suffer from no mental or legal disabilities and am otherwise qualified to give the following testimony which is based on my personal knowledge and observation.

2.

I, along with the law firm of Cruser & Mitchell, LLP, have been retained to represent defendant Columbia Sussex Corporation



{K:\101\100\00151665.DOC}

d/b/a Savannah Marriott Riverfront in the above-styled action filed by Plaintiff Fred Oliver.

3.

On or around November 24, 2006, Plaintiff's counsel filed and served a notice for deposition pursuant to Fed.R.Civ.P. 30(b)(6) requesting the designation of a corporate representative to testify about a number of issues which defense counsel found to be objectionable.

4.

In order to prevent a discovery dispute and acting in good faith, defense counsel forwarded a letter to plaintiff's counsel David Hudgins, Esq., outlining the basis for defendant's objections. Said letter was sent on December 4, 2006. A copy of that letter is attached hereto as Exhibit 1.

5.

Plaintiff's counsel responded to the letter and the objections contained therein in the form of an e-mail dated December 9, 2004. A copy of the e-mail is attached hereto as Exhibit 2.

6.

On December 12, 2006, defense counsel responded to Mr. Hudgins' e-mail and set forth, in more detail, the basis for

defendant's objections. A copy the e-mail is attached hereto as Exhibit 3.

7.

On December 15, 2006, the parties held a telephone conference to discuss the issues and objections.

8.

As of this date, the parties have been unable to resolve the discovery dispute without assistance from the court.

9.

This affidavit shall serve as the good faith certificate required by Fed.R.Civ.P. 26(c).

FURTHER THIS AFFIANT SAYETH NOT.

_____
SHALENA M. COOK, ESQ.

Sworn to and subscribed before me this 28th day of December, 2006.

_____
NOTARY PUBLIC
My Commission expires: June 22, 2010

{K:\101\100\00151665.DOC}

# CRUSER & MITCHELL, LLP

ATTORNEYS AT LAW
**ATLANTA OFFICE**
PEACHTREE RIDGE, SUITE 750
3500 PARKWAY LANE
NORCROSS, GA 30092

TELEPHONE (404) 881-2622
FACSIMILE (404) 881-2630

www.cmlawfirm.com

J. ROBB CRUSER
WILLIAM T. MITCHELL
DEANA SIMON JOHNSON
CHRISTINE H. HALL
ROBYN OLIVER WEBB†
RONDIENE E. NOVITZ*
NOLA D. JACKSON
JASON D. SAMMIS**
KAREN E. WOODWARD†
CRAIG P. TERRETT**
SHALENA M. COOK
BETH S. GEREG*

\* MEMBER OF N.Y. BAR
\*\* MEMBER OF FL BAR
†OF COUNSEL

MONICA L. WINGLER
GARY E. DVOSKIN*
RICHARD P. HAMILTON*
DAVID E. LANGFORD
RAYMOND RUSSELL GRANT II
MICHAEL D. HOFFER
JENNIFER G. COWART
JOHN C. HARRIS

OFFICES IN:
ATLANTA
NEW YORK
NEW JERSEY
FLORIDA
WRITER'S DIRECT ACCESS
(678) 684-2134
scook@cmlawfirm.com

December 4, 2006

**Via Email at davidhudgins@charter.net and U.S. Mail**
David B. Hudgins, Esq.
920 Holcomb Bridge Road, Suite 100
Roswell, Georgia 30076

Re:   *Fred Oliver v. Columbia Sussex d/b/a Savannah Riverfront Marriott*
      USDC, Northern District- Atlanta Division
      CAFN.: 1:06-CV-0483-CC

Dear David,

As you know from our discussion, I have received your 30(b)(6) notice. I have several concerns. First, as we discussed, I won't be able to do the depositions on December 8th, as I have a conflict that day and it is going to take me a while to identify individuals with the knowledge to testify about the information you requested.

Second, I have several objections to your 30(b)(6) notice. Most importantly, and as we discussed before, it is our position that information about prior incidents is neither relevant nor material to the issues in this case. However, to the extent said information is relevant and admissible, we contend it should be limited to a period of two years. There is no way that a slip that occurred in this particular room ten years ago, as you requested in paragraph (6) of the notice, would be relevant to this incident.

Moreover, even assuming that such information is relevant and admissible, we do not believe that information pertaining to slips and fall at locations other than the Savannah Riverfront Marriott are relevant to this case. The Savannah Riverfront Marriott is a franchise that is owned and operated by Columbia-Sussex. Information about other Marriott hotels, many of which are owned and operated by different franchisees, is not relevant to this case.

Also, in order for information about similar incidents to be admissible, it must be substantially similar to the facts of this case. Information about general slip-and-falls that took place in the past ten years "within and about the facility" as you requested in paragraph 8 is

Ex. 1

David L. Hudgins, Esq.
December 4, 2006
Page 2

overly broad, is not reasonably calculated to lead to the discovery of admissible evidence and, as such, is impermissible under the law.

    I would appreciate the opportunity to talk with you about this. Since you have been so cooperative up to now, I am certain we can resolve this without having to file formal motions with the court. Please call me once you've had a chance to review this letter so that we can discuss it in further detail. Thank you.

Very truly yours,

Shalena M. Cook, Esq

SMC:jl

{K:\101\100\00148905.DOC}

David L. Hudgins, Esq.
December 4, 2006
Page 3

bcc:  Nancy Del Toro via email at nancy.deltoro@srsconnect.com
  Laura Robinson, Columbia-Sussex

{K:\101\100\00148905.DOC}

## Judi Lynn

| | |
|---|---|
| **From:** | Judi Lynn |
| **Sent:** | Monday, December 04, 2006 9:18 AM |
| **To:** | 'davidhudgins@charter.net' |
| **Cc:** | Shalena Cook |
| **Subject:** | Oliver v. Columbia Sussex |
| **Attachments:** | Oliver, Fred- Ltr to OC re. 30(b)(6) objections (00148905).DOC |

Please see attached.


Shalena M. Cook, Esq.
CRUSER & MITCHELL, LLP
Attorneys at Law
**Atlanta Office**
Peachtree Ridge, Suite 750
3500 Parkway Lane
Norcross, Georgia 30092
(678) 684-2134 (direct line)
(404) 881-2622 (main line)
(404) 881-2630 (facsimile)
scook@cmlawfirm.com
www.cmlawfirm.com

This message and any attachments contain information from the law firm of Cruser & Mitchell, LLP and may contain information that is CONFIDENTIAL and/or legally protected under attorney work product, attorney-client communication, joint defense or another recognized privilege.
This information is intended only for use of those individuals and/or entities who were correctly named on the TO, CC and/or BCC lines above. If you are not one of the above-named recipients, or an unintended recipient, you are notified that your receipt of this message was inadvertent and you are not to read, copy, disseminate or otherwise use this message and attachments. You are further notified that any disclosure, copying, distribution or taking of any action in reliance on this message or attachments, without the express consent of Cruser & Mitchell, LLP, is strictly forbidden. The unauthorized use, dissemination, distribution or reproduction of this message, including attachments, is prohibited and may be unlawful. If you have received this message in error, please immediately delete the message, attachments and any hard drive copies, and notify sender so that the error may be corrected.

# Judi Lynn

| | |
|---|---|
| **From:** | Judi Lynn |
| **Sent:** | Monday, December 04, 2006 9:21 AM |
| **To:** | 'nancy.deltoro@srsconnect.com'; 'Laura Robinson (lrobinson@columbiasussex.com)' |
| **Cc:** | Shalena Cook |
| **Subject:** | Oliver v. Columbia Sussex; Your Claim No.: YEE 06709 |
| **Attachments:** | Oliver, Fred- Ltr to OC re. 30(b)(6) objections (00148905).DOC |

Please see attached.


Shalena M. Cook, Esq.
CRUSER & MITCHELL, LLP
Attorneys at Law
**Atlanta Office**
Peachtree Ridge, Suite 750
3500 Parkway Lane
Norcross, Georgia 30092
(678) 684-2134 (direct line)
(404) 881-2622 (main line)
(404) 881-2630 (facsimile)
scook@cmlawfirm.com
www.cmlawfirm.com

This message and any attachments contain information from the law firm of Cruser & Mitchell, LLP and may contain information that is CONFIDENTIAL and/or legally protected under attorney work product, attorney-client communication, joint defense or another recognized privilege.
This information is intended only for use of those individuals and/or entities who were correctly named on the TO, CC and/or BCC lines above. If you are not one of the above-named recipients, or an unintended recipient, you are notified that your receipt of this message was inadvertent and you are not to read, copy, disseminate or otherwise use this message and attachments. You are further notified that any disclosure, copying, distribution or taking of any action in reliance on this message or attachments, without the express consent of Cruser & Mitchell, LLP, is strictly forbidden. The unauthorized use, dissemination, distribution or reproduction of this message, including attachments, is prohibited and may be unlawful. If you have received this message in error, please immediately delete the message, attachments and any hard drive copies, and notify sender so that the error may be corrected.

12/4/2006

**Shalena Cook**

| | |
|---|---|
| From: | dlhudgins@bellsouth.net |
| Sent: | Saturday, December 09, 2006 2:39 PM |
| To: | Shalena Cook |
| Cc: | davidhudgins@charter.net |
| Subject: | Oliver v. Columbia Sussex |

Shalena-

Thanks for your recent letter. I'm afraid that the proposed limitation on the scope of the prior incidents is one area I really don't have much room on which to compromise. You and I have discussed this issue in the past, and I had indicated at that time that I could not agree to some contrived limit on our discovery abilities.

As you know, the heart of most premises liability claims is the "superior knowledge" element, and the number and frequency of prior similar incidents is directly relevant, and is certainly discoverable without any artificial limitations.

I know that you had indicated that your client was apparently making some distinction between incidents at this hotel and at others, but as far as the "superior knowledge" element is concerned, I don't see any distinction based upon where the incident occurred. Whether the prior slip and fall occurred in a Radisson in Tucson or in a Marriott in Charlotte doesn't really alter the fact that the defendant has knowledge of the occurrence. The defendant may have some internal operating differences as to how this risk is managed from hotel to hotel, but that again doesn't alter the fact that the defendant cannot dodge the fact that it now has knowledge of the occurrence.

You also note that different franchisees may operate differently, and again, while this may be true, this doesn't alter the fact that this defendant is charged with knowledge of occurrences within its premises, whether operating under the Marriott banner or Courtyard by Marriott name.

Finally, you claim that information about other slips and falls on and about the premises is overly broad (Paragraph 8). As you know, the test for discoverability is not admissibility, but is instead a connection to potentially admissible evidence. I believe that the frequency and nature of other slips and falls about the defendant's premises is discoverable, as it reflects on this defendant's management of risks, its inspection efforts, its efforts to minimize the risks of other known hazards within its facility, its knowledge of the risks of slips and falls within a controlled environment, and its duties to inspect and remedy, among other things.

I would appreciate it if you would re-visit this with your client, and let me know as soon as possible whether they will comply with our discovery requests. Of course, your client has previously refused to respond to written discovery requests addressing the same subjects, and it remains my position that these areas are fair game for discovery requests, and full disclosure is required of your client.

In any event, please let me know as quickly as possible when we can depose the individuals I have requested. These include the general manager effectively in place at the time, the housekeeping supervisor, and of course the Rule 30(b)(6) representative(s).

Thanks for your assistance with this. Please give me a call to discuss this, if you have any questions about our position.

David

Ex. 2

# Bill Mitchell

| | |
|---|---|
| From: | Shalena Cook |
| Sent: | Tuesday, December 12, 2006 5:04 PM |
| To: | 'dlhudgins@bellsouth.net' |
| Cc: | Bill Mitchell |
| Subject: | RE: Oliver v. Columbia Sussex |

Dear David,

Thanks for responding. Since we can't seem to get in touch with each other by phone, email seems to be the best way to communicate. Based on your response, it appears we have a legitimate dispute concerning the scope of discovery on prior incident information. While your arguments are noted, I respectfully disagree with your position. I do not believe, nor have I found any authority for the proposition, that a plaintiff who slips-and-falls at a local Kroger, for example, is entitled to discover information about every incident in the past ten years that has happened at any Kroger store across the United States. If you have some authority on this, I would be glad to take a look at it.

Even if such law did exist, the relationship between these particular corporate entities simply does not justify the production of information about prior incidents at other locations. As I mentioned before, each individual hotel is separately owned and operated. There is very little uniformity in when each hotel was purchased, whether my client built them new or purchased them used, the manufacturer of tubs, the conditions of tubs, etc., which is necessary to make such prior unrelated incidents, substantially similar to the subject incident. Although you claim that this information is relevant to the "superior knowledge" element, there is no reason that a hotel in Tucson or Ohio would have superior knowledge of the condition of the tub in room 605 in the Savannah Marriott on the date of loss. The request is simply overly-broad.

Such vague and conclusory statements about the perceived relationship between these corporations does not make the information admissible, or discoverable for that matter and though the rules of discovery should not be prohibitive, the law does not permit Plaintiff to go on a nationwide fishing expedition. I believe that Plaintiff is required to limit any request to substantially similar incidents--which plaintiff's discovery request completely fails to do. Again, I would be glad to consider any authority you might have that speaks to the contrary. If you forward it to me, perhaps we could come to some agreement without having to argue this issue before the court.

While we resolve the issues on the 30(b)(6) notice, I wanted to get back with you on the other depositions. You wanted to depose the housekeeping manager in place at the time. His name is Morris Siymon. He can be available in person or by phone on Friday morning (12/15) or Tuesday (12/19). As for the general manager in place at the time, that will likely be Brian Hockenbury and he is available Monday 01/08 or Friday 01/12. Please let me know what works for you.

Shalena M. Cook, Esq.
Cruser & Mitchell, LLP
3500 Parkway Lane, Suite # 750
Norcross, Georgia 30092
Tel.: (404) 881-2622
Fax: (404) 881-2630

-----Original Message-----
From: dlhudgins@bellsouth.net [mailto:dlhudgins@bellsouth.net]
Sent: Saturday, December 09, 2006 2:39 PM
To: Shalena Cook
Cc: davidhudgins@charter.net
Subject: Oliver v. Columbia Sussex

Shalena-
Thanks for your recent letter. I'm afraid that the proposed limitation on the scope of the prior incidents is one area I really don't have much room on which to compromise. You

1

Ex. 3

and I have discussed this issue in the past, and I had indicated at that time that I could not agree to some contrived limit on our discovery abilities.

As you know, the heart of most premises liability claims is the "superior knowledge" element, and the number and frequency of prior similar incidents is directly relevant, and is certainly discoverable without any artificial limitations.

I know that you had indicated that your client was apparently making some distinction between incidents at this hotel and at others, but as far as the "superior knowledge" element is concerned, I don't see any distinction based upon where the incident occurred. Whether the prior slip and fall occurred in a Radisson in Tucson or in a Marriott in Charlotte doesn't really alter the fact that the defendant has knowledge of the occurrence. The defendant may have some internal operating differences as to how this risk is managed from hotel to hotel, but that again doesn't alter the fact that the defendant cannot dodge the fact that it now has knowledge of the occurrence.

You also note that different franchisees may operate differently, and again, while this may be true, this doesn't alter the fact that this defendant is charged with knowledge of occurrences within its premises, whether operating under the Marriott banner or Courtyard by Marriott name.

Finally, you claim that information about other slips and falls on and about the premises is overly broad (Paragraph 8). As you know, the test for discoverability is not admissibility, but is instead a connection to potentially admissible evidence. I believe that the frequency and nature of other slips and falls about the defendant's premises is discoverable, as it reflects on this defendant's management of risks, its inspection efforts, its efforts to minimize the risks of other known hazards within its facility, its knowledge of the risks of slips and falls within a controlled environment, and its duties to inspect and remedy, among other things.

I would appreciate it if you would re-visit this with your client, and let me know as soon as possible whether they will comply with our discovery requests. Of course, your client has previously refused to respond to written discovery requests addressing the same subjects, and it remains my position that these areas are fair game for discovery requests, and full disclosure is required of your client.

In any event, please let me know as quickly as possible when we can depose the individuals I have requested. These include the general manager effectively in place at the time, the housekeeping supervisor, and of course the Rule 30(b)(6) representative(s).

Thanks for your assistance with this. Please give me a call to discuss this, if you have any questions about our position.

David